UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FELENNA ACOSTA

    Plaintiff,　　　　　　　　　　　　　　　Case No.: 8:24-cv-02296

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S
NOTICE OF REMOVAL WITH SUPPORTING MEMORANDUM OF LAW**

Defendant/Petitioner, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully petitions this Court for the removal of the Complaint in the above-named action from the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, to the United States District Court for the Middle District of Florida, Tampa Division. In support of this petition, State Farm states as follows:

    1.    This removal is based upon diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441 with an amount in controversy exceeding $75,000, excluding interest and costs.

    2.    On September 5, 2024, Plaintiff, FELENNA ACOSTA ("Plaintiff"), commenced this action by filing a Complaint against State Farm in the Circuit Court

of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case No.: 24-CA-007240. [*See* Copy of Plaintiff's Complaint, attached hereto as Exhibit "A"]. State Farm was served with the Complaint on September 11, 2024. [*See* Copy of Notice of Service of Process, attached hereto as Exhibit "B"]. Plaintiff's Complaint attempts to allege a bad faith action against State Farm based on State Farm's handling of Plaintiff's bodily injury claim under an automobile insurance policy issued by State Farm to Nancy Lemus, bearing policy number 59-08Q2-83B. [Exhibit A]. The claim arises out of a July 4, 2020 multivehicle accident, which involved, among other individuals, Plaintiff and Joel Gonzalez-Manzur. [*Id.* at ¶¶ 4-6]. State Farm also insured Mr. Gonzalez-Manzur under the policy as a permissive driver of the insured vehicle. [*Id.*].

3.   Plaintiff is a citizen of the State of Florida. [*See* Florida Traffic Crash Report, attached hereto as Exhibit "C" (listing Plaintiff's address as a Florida address, noting that Plaintiff was operating a vehicle registered in the State of Florida, and showing that Plaintiff had a valid Florida driver's license)]; [*See* Plaintiff's Voter Registration Information, attached hereto as Exhibit "D" (listing Plaintiff's address as a Florida address and showing an active voter status)]. An individual's state citizenship or domicile, for the purposes of diversity jurisdiction, is determined by residence and intent to remain. *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). The attached evidence demonstrates that Plaintiff resides in Florida and intends to remain in Florida. Thus, Plaintiff is a citizen of the State of Florida for purposes of diversity jurisdiction. *Id.*

4. State Farm is incorporated in the State of Illinois and maintains its principal place of business in Bloomington, Illinois. [*See* Printout from the State of Florida Division of Corporations website, attached hereto as Exhibit "E" (listing State Farm as a foreign corporation with its principal address as "One State Farm Plaza, Bloomington, IL 617100001")]. "For diversity jurisdiction purposes, a corporation 'shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *Maryland Cas. Co. v. Mid-Continent Cas. Co.*, 2013 WL 12166223, at *1 (M.D. Fla. Jan. 25, 2013) (quoting 28 U.S.C §1332(c)(1)). Thus, because State Farm is incorporated in the State of Illinois and has its principal place of business in Bloomington, Illinois, State Farm is a citizen of the State of Illinois. *Id.* Therefore, there is complete diversity among the parties in this matter.

5. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. Specifically, Plaintiff is seeking to recover, among other things, the amount of the Final Judgment from the underlying action, which totals $141,800. [Exhibit A at ¶ 11 ("A jury verdict was returned for Plaintiff against Defendant for $141,800.00.")]; [*Id.* at ¶ 19 (alleging that "Plaintiff has sustained damages, including but not limited to the amount of the Final Judgment and non-taxable expenses of the underlying litigation.")]; [*Id.* at WHEREFORE clause (demanding judgment against State Farm "for damages, including the amount of the Final Judgment, interest, and costs.")]; [*Id.* at Plaintiff's Exhibit B (listing "$141,800.00" as the amount of the Final Judgment)]. Based on Plaintiff's Complaint, along with its enclosed exhibits, it is clear

that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

6. In accordance with 28 U.S.C. § 1446(b), State Farm's Notice of Removal of this action has been filed within thirty (30) days of being served with Plaintiff's Complaint. [Exhibit B]. Additionally, State Farm has removed this action within one (1) year after its commencement. 28 U.S.C. § 1446(c) (2011).

7. As required by 28 U.S.C. 1446(a) and Middle District of Florida Local Rule 1.06(b), legible copies of each paper docketed in the state court are submitted herewith. [*See* Copies of Documents, attached as composite Exhibit "F"]. Finally, State Farm has paid the removal fee contemporaneously with the filing of this Notice of Removal.

**WHEREFORE**, Defendant/Petitioner, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that the action now pending against it in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law and grant such further relief as this Court deems just and proper.

## MEMORANDUM OF LAW

### I. Legal Standard

A defendant may remove any civil action brought in state court to the federal district court in the district and division embracing the place where such action is pending, provided that the action could have been originally brought in federal court.

28 U.S.C. § 1441(a) (2011); *Ayres v. General Motors Corp.*, 234 F.3d 514, 517 (11th Cir. 2000); *Rudnick v. Sears, Roebuck and Co.*, 358 F. Supp. 2d 1201, 1204 (S.D. Fla. 2005). To remove an action based on diversity jurisdiction, the matter in controversy must be between citizens of different states. 28 U.S.C. § 1332(a) (2011); *Maryland Cas. Co.*, 2013 WL 12166223, at *1.

Furthermore, the amount in controversy in a diversity action must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (2011). The party seeking removal has the burden of establishing federal jurisdiction. *Williams*, 269 F.3d at 1319. "The amount in controversy is satisfied unless it appears 'to a legal certainty that the claim is really for less than the jurisdictional amount.'" *Jones*, 141 F. Supp. 2d at 1354 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). "[T]he sum demanded in good faith in the initial pleading *shall* be deemed to be the amount in controversy." 28 U.S.C § 1446(c)(2) (2011) (emphasis added).

When the jurisdiction requirements of 28 U.S.C § 1332 are met, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C § 1446. According to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C § 1446(b) (2011).

## II.   There is Complete Diversity of Citizenship

In the instant matter, State Farm has met the statutory requirements for removal of Plaintiff's Complaint to federal court, and therefore, removal is proper. First, there is complete diversity of citizenship among the parties. For purposes of diversity jurisdiction, state citizenship or domicile is determined by residence and intent to remain. *See Jones*, 141 F. Supp. 2d at 1355. In making its determination as to a party's domicile, a district court may consider several types of evidence, including, but not limited to, driver's licenses and vehicle registrations. *See 919 Old Winder Haven Road SPE, LLC v. Friedman*, 2020 WL 871087, at *2 (M.D. Fla. Feb. 21, 2020); *see also Siegworth v. Sun City Stables*, 2010 WL 11627536, at *2 (M.D. Fla. Feb. 2, 2010) (stating that district courts look to "objective indicia of intent, such as the place of employment, driver's license, automobile registration, bank accounts, tax payments, location of personal property, and voting practices.").

As stated *supra*, Plaintiff is a citizen of the State of Florida. Specifically, the Florida Traffic Crash Report for the automobile accident that gave rise to this action lists Plaintiff's address as a Florida address. [Exhibit C]. It also shows that Plaintiff owned a motor vehicle registered in the State of Florida and that Plaintiff has a valid Florida driver's license, which expires on June 10, 2028. [*Id.*]. Plaintiff's voter registration information also demonstrates that Plaintiff has an active voter status in the State of Florida. [Exhibit D]. The foregoing evidence demonstrates that Plaintiff has resided in Florida and intends to remain in Florida. Therefore, Plaintiff is a citizen

of the State of Florida for purposes of diversity jurisdiction. *Jones*, 141 F. Supp. 2d at 1355.

Conversely, State Farm is a citizen of the State of Illinois. "For diversity jurisdiction purposes, 'a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.'" *Maryland Cas. Co.*, 2013 WL 12166223, at *1 (quoting 28 U.S.C §1332(c)(1)). State Farm is a foreign corporation incorporated in the State of Illinois and maintains its principal place of business in Bloomington, Illinois. [Exhibit E (listing State Farm as a foreign corporation with its principal address as "One State Farm Plaza, Bloomington, IL 617100001")]. Therefore, there is complete diversity among the parties in this matter.

## III. The Amount in Controversy Exceeds $75,000

Additionally, the amount in controversy requirement has been met because Plaintiff seeks damages in excess of the $75,000 threshold. "In determining the amount in controversy, courts first look to the complaint." *Swain v. Am. Sec. Ins. Co.*, 2017 WL 3880299, at *1 (S.D. Fla. Aug. 14, 2017). If removal is sought on the basis of diversity jurisdiction, "the sum demanded in good faith in the initial pleading ***shall*** be deemed to be the amount in controversy." 28 U.S.C § 1446(c)(2) (2011) (emphasis added).

Here, Plaintiff expressly alleges on the face of the Complaint that she seeks damages which are above the $75,000 jurisdictional threshold amount. Specifically, Plaintiff is seeking to recover the amount of the Final Judgment in the underlying action, which totals $141,800. [Exhibit A at ¶ 11 ("A jury verdict was returned for

Plaintiff against Defendant for $141,800.00.")]; [*Id.* at ¶ 19 (alleging that "Plaintiff has sustained damages, including but not limited to the amount of the Final Judgment and non-taxable expenses of the underlying litigation.")]; [*Id.* at WHEREFORE clause (demanding judgment against State Farm "for damages, including the amount of the Final Judgment, interest, and costs.")]; [*Id.* at Plaintiff's Exhibit B (listing "$141,800.00" as the amount of the Final Judgment)]. Based on the face of Plaintiff's Complaint, along with its enclosed exhibits, it is clear that the amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

### IV.  This Notice of Removal Is Timely

When the jurisdictional requirements of 28 U.S.C § 1332 are met, the only remaining question is whether the removing party has satisfied the procedural requirements for removal under 28 U.S.C § 1446. According to § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C § 1446(b) (2011). In the instant case, State Farm has complied with all the procedural requirements, including the time requirements, set forth in 28 U.S.C. § 1446(b). State Farm was served with the Complaint on September 11, 2024. [Exhibit B]. State Farm filed and served the present Notice of Removal within thirty (30) days of service of Plaintiff's Complaint, and this matter has been removed within one (1) year after the commencement of this action, making removal timely. *See* 28 U.S.C. § 1446(c)(1). Therefore, removal of this action to the present Court is appropriate.

**WHEREFORE**, Defendant/Petitioner, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that the action now pending against it in the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, be removed therefrom to this Honorable Court, and that this Court assume full jurisdiction over the cause herein as provided by law and grant such further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 1st day of October 2024, the foregoing document was filed and served this day on all counsel of record by in the manner specified on the attached Service List.

s/Megan Alexander
**MEGAN E. ALEXANDER, ESQ.**
Florida Bar No.: 58883
**CARLOS G. GOMEZ, ESQ.**
Florida Bar No.: 1014443
Young, Bill, Boles, Palmer, Duke & Thompson, P.A.
Telephone: (813) 603-3006
malexander@flalawyer.net
cgomez@flalawyer.net
*Counsel for Defendant*

## SERVICE LIST

**JASON A. HERMAN, ESQ.**
Florida Bar No.: 0016086
**KEITH STAHL, ESQ.**
Florida Bar No.: 0042468
Herman & Wells, P.A.
5701 Park Blvd., N.
Pinellas Park, FL 33781
Telephone: (727) 821-3195

jason@hermanwells.com
keith@hermanwells.com
*Counsel for Plaintiff*